RECEIVED

NOV 1 8 2013

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

BY: _____

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### MONROE DIVISION

| | |
|---|---|
| DONALD MCMILLIN | CIVIL ACTION NO: 13-2181 |
| VERSUS | JUDGE DONALD E. WALTER |
| PHILLIPS 66 COMPANY, ET AL | MAGISTRATE JUDGE HAYES |

## MEMORANDUM RULING

Before the Court is Plaintiff Donald McMillin's ("McMillin") Motion to Remand [Doc. 7] to state court his action against Defendants. Having reviewed the motion, the submissions of the parties, the pleadings, and the applicable law, the motion to remand is hereby **GRANTED**.

### I. BACKGROUND

This case arises out of injuries that McMillin allegedly sustained as a result of years of working in various oil fields and facilities and on offshore oil rigs in the Gulf of Mexico.[1] McMillin was an offshore worker who was employed by Penrod Drilling Company (n/k/a ENSCO Offshore Company and herinafter referred to as "ENSCO"). On May 20, 2013, McMillin filed a lawsuit against ENSCO as his Jones Act employer and various other defendants who mined, sold, and manufactured asbestos-containing drilling mud and equipment. In his lawsuit, McMillin asserted claims under the Jones Act as well as general maritime law pursuant to the "savings to suitors clause."[2] The other defendants in this case are Chevron Phillips Chemical Company LP; Phillips 66 Company d/b/a Drilling Specialties Company; Union Carbide Corporation; Montello, Inc.; Coastal

---

[1] Doc. 1.

[2] *Id.*

1

Chemical Company LLC; Nico Supply Company, Inc.; and Baker Hughes Inc. and Baker Hughes Oilfield Operations, Inc.[3]

ENSCO was served by the Plaintiff on May 31, 2013. On July 1, 2013, ENSCO removed the case to this Court on the basis of federal question jurisdiction, contending that McMillin's claims arise under federal law, specifically the Outer Continental Shelf Lands Act ("OCSLA"), 43 U.S.C. § 1301 *et seq.* and that McMillin fraudulently pled his Jones Act claim.

On July 29, 2013, McMillin filed the motion to remand now before this Court. [Doc. 7]. In sum, the Plaintiff's motion contends that the case is not removable because his claims arise under the Jones Act . The Plaintiff further argues that removal was procedurally defective. It is undisputed that ENSCO did not receive the consent of the other defendants in this suit. ENSCO opposes this motion. [Doc. 11].

## II. STANDARD OF REVIEW

A defendant may remove a state court action to federal court only if the action originally could have been brought in federal court. *See* 28 U.S.C. § 1441(a). The removing defendant bears the burden of establishing federal jurisdiction. *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 397 (5th Cir.1998). "Because removal raises significant federalism concerns, the removal statute is strictly construed 'and any doubt as to the propriety of removal should be resolved in favor of remand.' " *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir.2008) (*quoting In re Hot–Hed, Inc.*, 477 F.3d 320, 323 (5th Cir.2007)). A district court must remand a case if, at any time before final judgment, it appears that the court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).

---

[3] *Id.*

## III. DISCUSSION

McMillin moves to remand his case back to state court on three grounds: (1) his Jones Act claim is not removable; (2) improper removal on procedural grounds under 28 U.S.C. § 1446(b) because removal was not timely and (3) not all of the defendants consented to the removal.

### 1. Whether Jones Act Is Removable And/Or Fraudulently Pled

McMillin argues that his Jones Act claim precludes removal to federal court. ENSCO responds that the Jones Act claim is fraudulently pled because McMillin never identified a vessel to establish that he qualifies as a Jones Act seaman. "As a general rule, ... Jones Act cases are not removable." *Burchett v. Cargill, Inc.*, 48 F.3d 173, 175 (5th Cir.1995). However, " 'defendants may pierce the pleadings to show that the Jones Act claim has been fraudulently pleaded to prevent removal.' " *Burchett*, 48 F.3d at 175, *quoting Lackey v. Atlantic Richfield Co.*, 990 F.2d 202, 207 (5th Cir.1993). A fraudulently pled Jones Act claim does not bar removal. *See id.* While a district court should not pre-try a case to determine removal jurisdiction, the court may use a "summary judgment-like procedure" to dispose of the assertion that the Jones Act claim was fraudulently pled. *See Burchett*, 48 F.3d at 176. The court may deny remand where, but only where, resolving all disputed facts and ambiguities in current substantive law in the plaintiff's favor, the court determines that the plaintiff has no reasonable possibility of establishing a Jones Act claim on the merits. *Id.*; *Hufnagel v. Omega Serv. Indus., Inc.*, 182 F.3d 340, 345-46 (5th Cir.1999) (*citing Burchett*, 48 F.3d at 176).

This Court finds that there is a viable Jones Act claim based on the pleadings and the case is therefore not removable. McMillin's petition for damages specifically invokes the Jones Act as its basis for jurisdiction. In *Lackey v. Atl. Richfield Co.*, 990 F.2d 202, 207 (5th Cir. 1993), the Fifth

3

Circuit held that a plaintiff sufficiently stated a Jones Act claim by alleging that he was a seaman, that he was injured in the course and scope of his employment, and that there was an employment relationship between the plaintiff and defendant. Clearly the facts of the instant case satisfy the *Lackey* standard. In *Lackey*, the Fifth Circuit stressed that courts "must resolve all disputed questions of fact from the pleadings and affidavits in favor of the plaintiff, and then determine whether there could possibly be a valid claim against the defendant in question." *Id.* at 208. Put differently, the removing party must show that there is no possibility that plaintiff would be able to establish a cause of action. *Id.* ENSCO has not satisfied its burden in this case, which is *strongly* underscored by the fact that ENSCO has not brought forth any summary judgment-type proof to support its claims.

ENSCO's chief argument focuses on the assertion that McMillin has not stated a proper Jones Act claim because he did not specifically link himself to a vessel to be considered a seaman for purposes of the Jones Act. This Court finds this argument unavailing at this stage of the litigation. As already noted, McMillin has satisfied, theoretically at least,  the minimal burden required to make out a Jones Act claim. Plus, ENSCO fails to cite evidence, via discovery or otherwise, to allow this Court to conclude that there is no feasible Jones Act claim. Additionally, ENSCO's reliance on *Burchett* is misplaced. In *Burchett*, the Fifth Circuit held that the defendants had no possibility of sustaining a Jones Act claim because the bulk cargo transfer unit was not a vessel. *Burchett*, 48 F.3d at 176. In support of this conclusion, the court noted the fact that the defendants submitted a detailed affidavit outlining the relevant facts about the nature and use of the cargo unit. *Id.* No such showing has been made by ENSCO to allow this Court to conclude that McMillin's seaman's status is entirely baseless. Again, this Court must resolve all disputed questions of fact from the pleadings and affidavits in favor of the plaintiff. In *Parent v. Murphy Exploration*

4

*& Production Co. - USA*, 2008 WL 191636 (M.D. La. 2008), the court stated that if plaintiff has

alleged facts sufficient to state Jones Act claim and there is a dispute over the validity of the matter,

the case must be remanded to state court, as the determination of a fraudulent Jones Act pleading is

summary in nature and it is inappropriate for federal court to decide factual matters.[4]

Furthermore, this Court finds that there is no evidence that McMillin filed a Jones Act claim

as a fraudulent attempt to evade removal. The Fifth Circuit has held that "the mere assertion of fraud

is not sufficient to warrant removing the case to federal court." *Yawn v. Southern Ry.*, 591 F.2d 312,

316 (5th Cir.1979) (FELA case). Defendants must prove that the allegations of the complaint were

fraudulently made, and any doubts should be resolved in favor of the plaintiff. *Id.* As in fraudulent

joinder cases, defendants' burden is a heavy one. This Court finds that McMillin alleges facts which,

if proven true, support a cause of action under the Jones Act.

In sum, this motion ultimately comes down to the burden. The removing defendant bears the

burden of establishing federal jurisdiction. *See Winters*, 149 F.3d at 397. After reviewing ENSCO's

Jones Act claim and OCSLA arguments, this Court finds that the burden was simply not met.

**2. Procedural Issues Regarding Removal**

Having determined that remand is required based on Plaintiff's Jones Act claim, this Court

sees no need to address the procedural challenges.

### IV. Conclusion

After considering the motion, response, reply, record and relevant authorities, the Court finds

that ENSCO has not satisfied its burden of demonstrating that McMillin's Jones Act claim was

---

[4] *See also Ashley ex rel. Ashley v. Crown Oilfield Services, Inc.*, 2006 WL 2734450 (E.D. La. 2006) (when plaintiff, rigger on jack-up vessel, potentially could prove seaman status, remand was appropriate).

fraudulent or improper. As a result, the Court **GRANTS** the Motion to Remand. [Doc. 7]. This case

is hereby **REMANDED** to the 37th Judicial District Court for the Parish of Caldwell, Louisiana.

    **THUS DONE AND SIGNED**, Shreveport, Louisiana, this the _18_ day of November, 2013.

                    DONALD E. WALTER
                    UNITED STATES DISTRICT JUDGE